Thanks to both counsel. We'll move on to the seventh case of the day, Zousa v. Pellin, appeal 18-1896. Mr. Salem. Thank you, counsel, and may it please the court. Your Honors, my name is Maurice James Salem. I'm the appellant in this case. And, Your Honors, my client, Ms. Terry Zousa, had a judgment against her husband in the Illinois State Court. Her husband had a purchase agreement with Mr. Pellin, the appellee in this case, in Indiana, where he sold his business, real estate. In that purchase agreement, the full price wasn't paid. So my client, the wife, was a judgment creditor. And in the northern district, in this district court, the initial case was brought as a citation to collect assets held by Mr. Pellin that belonged to the judgment debtor, the husband. Judge St. Eve dismissed the case on the basis that there was no complete diversity of jurisdiction because the husband ruined the jurisdiction in Illinois, not in Indiana. And I just want to quote the last sentence of Judge St. Eve. She says, Plaintiff's citation is dismissed without prejudice to file in an appropriate court. My knowledge of what the appropriate court would be, since the contract, the purchase agreement, everything's in Indiana, and only Mr. Pellin is in Indiana, I believe that there would be no problem with diversity of jurisdiction. So I commence... That's the issue, is whether or not jurisdiction and venue have been mistaken for each other. The district court was quite clear with regard to what complete diversity means. Then the you're using the word jurisdiction rather than using the word venue. You want to address that? Well, Your Honor, that is a good point. Now, the property that was sold, the real property, the business and the personal property, and the contract, everything occurred in Indiana. So that would be the proper venue from the start. And maybe I should have bought it there in terms of venue. The evidence, everything is there. So with respect to venue, that would be the case. I don't think Judge Moody addressed the venue. He believed, he looked at it as though it's a plaintiff suing a defendant. But, Your Honors, if you could look at appendix page 1 or page 54, you'll see the caption of the action that I brought. And it states on the caption, enforcement of a foreign judgment pursuant to the Indiana citation statute, similar to the citation that I brought in front of Judge St. Eve. Now, my thinking, Your Honors, is that according to the purpose of diversity, is that if the purpose of diversity jurisdiction is when you have parties with competing interests. Here, you have on one side of the V, you have Mr. Palin. He is the only party who stands to- If you're literally looking at the complaint you filed, the two people on the bottom side of the V are both Jack Zauza and Michael Pellant, correct? Yes, Your Honor. And that's- One from Illinois, one from Indiana. And Mrs. Zauza is from Illinois. And Mr. Zauza is from Illinois as well. Both of them are from Illinois. Right. So on the face of the caption, no diversity. No, I would disagree with that, Your Honor, because here, Mr. Palin is the third-party respondent. He's, in effect, the only defendant. The only person stands to lose. Did you propose- I mean, look, you filed the document in a way that indicates there's no complete diversity of citizenship. Did you ever propose to the district court the kind of realignment that you've argued in this court? Yes, Your Honor. In my memorandums, I argued to the judge. I said, here, the judgment is already had. This is not a suit where Ms. Zauza is- Where do we see that? It's in my memorandum arguments, Your Honor. And I didn't include memorandum arguments here. But I can show you the argument where I made it clear that this case is a collection of judgment against Mr. Palin. Now- We understand that, but where did you make this realignment point to the district court? Your Honor, I can get that for you. I believe it's in one of my memorandums. And I can get it for you, Your Honor. On rebuttal, please? On a rebuttal, yes, Your Honor.  Mr. Jack Zauza is not an essential party. Here, you just have a judgment creditor. The wife wants the money from Mr. Palin. Jack Zauza is only there because the initial judgment has him there as a named defendant. And with respect to the fundamental purpose of diversity of jurisdiction, when you have parties coming in from out of state against one party in state, it is to avoid local prejudice. So here, you have both the plaintiff and the defendant both coming in from out of state, both have an interest to collect money and have a competing interest with Mr. Palin in Indiana. So this is consistent with the fundamental reasoning behind diversity of jurisdiction so that the local court doesn't discriminate against parties from outside of Indiana. That's one. And now, where's the competing interest? You have a husband and wife. Now, I think that if there's a divorce, that judgment would probably be marital property. So they both have an interest in this. And in the case law I cited, the court itself on its own can realign, Your Honor, not just my own argument. The ultimate interest of the party can be realigned to preserve diversity of jurisdiction as well as removing a non-essential party to maintain diversity of jurisdiction. Why not file in state court? If I filed in the state court in Illinois, I'm wondering whether or not, because everything is in Indiana, there might be a problem. So the other state court is an Indiana state court. That's an alternative. But, Your Honor, I've been a law clerk for 13 years. I've been practicing privately since 2003. I had no idea that this is going to come up from left field at me. This diversity of jurisdiction, as I understood it from law school and in my practice, you have one party that stands to lose money in Indiana. The other parties are coming in from out of state. How is this not jurisdiction? Judge St. Eve simply said that in Illinois there's no diversity because the husband and the wife are both in Illinois, and they could have competing interests. Her conclusion was not specific to the venue of Illinois. That's true. That's true. But as I said, I read her final statement where it says that this citation proceeding is dismissed without prejudice and to bring in a court of appropriate jurisdiction, Your Honors. And, again, you know what? Maybe I should have, Judge Brown. Maybe I should have brought it in the state court. Had I known this, I would have done that. But now, Your Honors, I... The inference is that you didn't do it because you got licensed in Illinois. No, in Indiana. And you wouldn't be licensed there either. Correct. You're licensed in New York. Correct. And... Now, Your Honor, I am licensed Pro Hoc Vitae in Illinois, a limited practice, and I could have brought it here. I could bring five cases a year here, Your Honor. And I have cases now. I have three cases in state court in Illinois, so I could do that. But, as I said, I went to Indiana because Pelling is there, everything is there, and I thought that would be the proper. I didn't think there would be any problem. And in Indiana, I've done Pro Hoc Vitae there as well, as well as in other states, Your Honor. But, Your Honor, now I did bring the same case here in this district court. It's currently pending in front of Judge Wood. But this time, the husband agreed to be the plaintiff against Pelling, so there's no problem there. And the husband, the judgment, the husband is the plaintiff, Pelling is the defendant now. That's what's pending in the district court. And the wife will have a lien on any judgment that's obtained in here. And also, Your Honor, with respect to the harassment issue, there's no factual basis that there's a harassment. And if there is, it will be shown in this court. And I submit it to the jurisdiction in Indiana. Should the facts show that this is a harassment case, I'll certainly be accountable for it and take responsibility. Your Honors, I'd like to reserve my time, unless there's any questions, for rebuttal. And I'll look for that argument. Thank you, Mr. Salem. For the defendant, Ms. Bonsall. Good morning, Your Honors, and may it please the court. My name is Leigh Bonsall, and I represent the appellee, Michael Pelling. The opinion of the district court should be affirmed because the court did not abuse its discretion by imposing Rule 11 sanctions against appellant, where appellant filed a complaint in a federal district court based on diversity jurisdiction, where the plaintiff and defendant were citizens of the same state, where another district court had previously ruled that the same parties lacked diversity jurisdiction. Despite an argument raised by appellant in his briefs, the standard of review in this case is abuse of discretion, so deference is given to the district court. The court did not abuse its discretion in this case. Mr. Salem filed a case in which he alleged that the plaintiff, Terry Zausa, was an Illinois citizen, and the defendant, Jack Zausa, was also an Illinois citizen. The complaint was improperly labeled a third-party complaint against appellee, Michael Pelling. While there were many procedural and legal deficiencies with the pleading, one basis for appellee's motion to dismiss the complaint was that the court lacked subject matter jurisdiction due to the lack of diversity. On November 15, 2017, the district court agreed and granted appellee's motion to dismiss on the basis that diversity jurisdiction did not exist. Pursuant to Rule 11C.3, the court requested that appellant show cause as to why his conduct did not violate Rule 11B. After appellant filed his response to the show cause order, the court held on November 30, 2017, that because appellant did not provide a credible explanation for his filing, he had reason to believe that he may have violated Rule 11B.1 or 11B.2. The court then granted parties leave to file a formal motion for attorney's fees. Appellee Pelling filed a motion for fees on January 1, 2018 and sought fees in the amount of $6,495 for having to defend the baseless district court proceeding after defending similar claims filed by Salem in the Northern District of Illinois. On March 1, 2018, the court entered its order imposing Rule 11 sanctions against Salem pursuant to 11C.4 required him to pay appellee's attorney's fees. The basis for the court's ruling was that Mr. Salem's filing ran afoul of the basic rules of diversity jurisdiction and a reasonable investigation and review of case law would have informed him of this. Moreover, the same issue had just been decided by Judge Sainiv in the Northern District of Illinois when Mr. Salem filed a complaint in that court involving the same parties and similar claims. For those reasons, the district court found that Rule 11 sanctions were warranted because the case was either filed with complete disregard for a simple and fundamental rule of American law or it was filed for an improper purpose in violation of either Rule 11B.1 or Rule 11B.2. Mr. Salem argues that sanctions are not warranted because diversity jurisdiction did exist in the district court due to the fact that the district court was located in Indiana and not Illinois like the prior proceeding. However, under 28 U.S.C. Section 1332, complete diversity is required no matter where the venue is for the district court. I suppose Mr. Salem had just set up the caption as Terry Zausa versus Michael Pellant. In that instance, it would have been similar to the issue that Judge Sainiv decided, which was that Jack Zausa is a necessary party because really what Mr. Pellant is seeking is to enforce a judgment against Zach Zausa by going after Pellant's assets. And just as somebody who practiced in my career in Indiana, how would a judgment creditor in Illinois with an Illinois judgment obtain a turnover order against a citizen of another state? I believe the proper venue would be the Illinois Circuit Court, and I think he would just file post-judgment proceedings in Illinois. So I think that the proper thing that Mr. Pellant should have done is sought to enforce the judgment that was entered against Jack Zausa in Illinois, and I think there would be jurisdiction because that judgment was entered in Illinois. Jurisdiction over Pellant, though? I'm not sure if there would be over Pellant. I think he would do a citation to discover assets and then find out. Okay, so the asset is discovered. Right. And then what do you do? It's in another state, and let's suppose Mr. Pellant has no ties sufficient to establish personal jurisdiction in Illinois. So I think he would have the judgment entered in Illinois and then maybe seek to enforce it. Just domesticate it in Indiana in the state court. Right. Ultimately, Your Honors, the district court did not abuse its discretion by imposing Rule 11 sanctions against Mr. Salem. Mr. Salem's conduct of filing a complaint in federal district court where there was a lack of diversity jurisdiction on the heels of another district court ruling on the same issue is the type of conduct that Rule 11 is meant to deter. For these reasons, I respectfully request that this court affirm the decision of the district court. Thank you. Thank you. Thank you very much. Let's see, Mr. Salem, rebuttal? Your Honor, just two points. Neither Judge Woody nor opposing counsel cited any similar case as this where no diversity jurisdiction was found. This may be a case of first impression, and to issue sanctions in that case in this matter would chill litigation, Your Honors. And the other thing is if you find that there is diversity jurisdiction, then the sanctions would be vacated. Did you find the place where you had argued that the district court should realign the parties? Your Honor, I found one place, which is on page 38 of my brief of the appendix, page 38 of the appendix, which is my memorandum in opposition to Respondent's motion for attorneys' fees. In there, in the center where I say, in other words, Palin, the only citizen in Indiana, is the party of interest that does not share the state with any other party. And then later on, I argue that that's the basis for jurisdiction where Palin is the only person in there. But, Your Honor, if you give me more time, I believe there are other memorandums I didn't include in here, because if you remember, he initially dismissed the jurisdiction. I argued that, and there were other things. There's no reason for any further submissions in this case. Thank you very much, Mr. Sterling. Well, thank you, Judge. Thanks to both counsel. The case is taken under advisement.